IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA RIVERA,<br><br>   Plaintiff,<br><br>vs.<br><br>RAYTHEON TECHNOLOGIES CORPORATION,<br><br>   Defendant. | Civil Action No. 3:21-cv-01326-OAW<br><br><br><br>FEBRUARY 28, 2022 |

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(a)(1)**

  Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1), Plaintiff Maria Rivera, hereby provides the following initial disclosures. Plaintiff reserves the right to amend, supplement or modify these disclosures in future discovery responses and/or as required by Rule 26(e) of the Federal Rules of Civil Procedure.

**I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFF'S CLAIMS**

 1. Nicole Boney-Sharpe, Quality Engineering Manager, address and phone unknown. Boney-Sharpe hired and supervised Plaintiff until October 2021, is believed to have knowledge and discoverable information pertaining Plaintiff's employment, terms and conditions of employment and directives.

 2. Noel Valentin, Quality Engineering Manager, address and phone unknown
Valentin supervised the Plaintiff from October 2021 until suspension on June 23, 2021, and later termination, therefore is believed to have knowledge and discoverable information relating to plaintiff's employment, plaintiff's complaint of discrimination, harassment, retaliation and wrongful termination.

 3. Glenn Malasmas, Director, Mission/Quality Assurance, address and phone unknown
Malasmas supervised Boney-Sharpe and Valentin, therefore is believed to have knowledge and discoverable information relating to plaintiff's employment, plaintiff's complaint of discrimination, harassment, retaliation and wrongful termination.

1

4. Carline Benoit-Holt, Raytheon Corporation, Corporate Human Resource, address and phone unknown

Benoit-Holt is the Raytheon Corporation, Corporate HR representative assigned to investigate Plaintiff's complaint filed on May 24th, 2021 concerning Site human resources not stopping ongoing discrimination and retaliating harassment situation, therefore is believed to have knowledge and discoverable information relating to plaintiff's employment, plaintiff's complaint of discrimination, harassment, retaliation and wrongful termination.

5. Adam Wolfe, Quality Engineer, address and phone unknown

Wolfe was Plaintiff's assigned "training buddy" and co-worker, therefore is believed to have knowledge and discoverable information pertaining Plaintiff's employment and performance, work environment, and Plaintiff's interactions with Valentin and her co-workers.

6. Rebecca Gillespie, Human Resource Partner, address and phone unknown

Rebecca Gillespie was the first human representative that Plaintiff's contacted on December 1st, 2020 and is the human representative that conducted the suspension on June 23, 2021 and later termination, therefore is believed to have knowledge and discoverable information relating to plaintiff's employment, plaintiff's complaint of discrimination, harassment, retaliation and wrongful termination.

7. Kristin Gillespie, Human Resource, address and phone unknown

Kristin Gillespie is one of the site human resources representative that investigated Plaintiff's complaint, therefore is believed to have knowledge and discoverable information relating to plaintiff's employment, plaintiff's complaint of discrimination, harassment, and retaliation.

8. Debra Angelis, Senior Ethics & Compliance Officer, address and phone unknown

Debra Angelis investigated Plaintiff's complaint, therefore is believed to have knowledge and discoverable information relating to plaintiff's employment, plaintiff's complaint of discrimination, harassment, and retaliation.

II. **DESCRIPTION OF DOCUMENTS, DATA COMPILATION, TANGIBLE THINGS THAT ARE IN POSSESSION, CUSTODY OR CONTROL OF PLAINTIFF THAT MAY BE USED TO SUPPORT HER CLAIMS**

At present, Plaintiff have identified the following documents and categories of documents and tangible things in her possession, custody or control that Plaintiff may use to support her claims.

1. Papers, documents from defendant
2. Papers, documents from EEOC case
3. Papers, document from unemployment insurance

### III.  COMPUTATION OF DAMAGES

The following are the computation of the relief that Plaintiff seeks:

1. Lost salary increase and full wages from last paycheck issued to plaintiff for remaining of year, that at present is $26,004 (Twenty-six thousand and four dollars.)
2. Compensatory damages for emotional distress and mental anguish in the amount of $1,000,000 (One million dollars).

### IV.  INSURANCE

Rule 26(a)(1)(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Response: Plaintiff has no knowledge of any insurance agreement.

Respectfully submitted,

THE PLAINTIFF,

BY: /s/ *Maria Rivera*

Maria Rivera

34-3 Shunpike Road # 254

Cromwell, CT, 06416

(904) 651-2784

E-Mail: lmrivera1c@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022, a true and correct copy of PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 (a)(1) was filed with this Court and served via e-mail upon Defendant as follows:

>Attorneys for Defendant
>RAYTHEON TECHNOLOGIES CORPORATION
>Anthony S. Califano,#ct27323
>acalifano@seyfarth.com
>Nicole C. Chomiak, #ct18547
>nchomiak@seyfarth.com
>SEYFARTH SHAW LLP
>Two Seaport Lane, Suite 1200
>Boston, MA 02210

BY:     /s/ *Maria Rivera*

Maria Rivera

34-3 Shunpike Road # 254

Cromwell, CT, 06416

(904) 651-2784

E-Mail: lmrivera1c@gmail.com